**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEROME JUNIOR WASHINGTON, | ) | |
| | ) | Civil Action No. 19-1460 |
| Plaintiff, | ) | |
| | ) | Senior District Judge Joy Flowers Conti |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| CAPTAIN CRUM, LT. TROUT, U.M. | ) | |
| LACKEY, MAJOR BAZUS, CERT | ) | |
| TEAM JOHN DOES 1 TO 12, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

### I.  Introduction

This action arises under 42 U.S.C. § 1983 and was initiated by pro se plaintiff Jerome Junior Washington ("Washington" or "plaintiff"). Washington, who is presently incarcerated at the State Correctional Institution at Rockview ("SCI Rockview") (ECF No. 72-1), was previously incarcerated at the State Correctional Institution at Greene ("SCI Greene"). He alleges that the defendants Crum, Trout, Lackey, and Bazus[1] (collectively "named defendants"), who were employed by SCI Greene at all times relevant to this case, violated his rights guaranteed by the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

Currently pending before the court is a partial motion for judgment on the pleadings (ECF No. 36) filed pursuant to Federal Rule of Civil Procedure 12(c) by the named defendants. The motion seeks judgment on all claims asserted against the named defendants, except for the Eight Amendment claims, which were asserted against Trout. The motion was referred to a United States Magistrate Judge in accordance with the Magistrate Judges Act, 28 U.S.C. §

---

[1]      Washington also named "Cert Team John Does 1 to 12" in the complaint, but service has not been effectuated on those defendants. (ECF No. 23.) The claims asserted against them are not at issue in this opinion.

636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. The magistrate judge in a Report and Recommendation ("R&R") recommended that the court grant the partial motion for judgment on the pleadings and enter judgment in favor of Crum, Lackey, and Bazus on all claims asserted against them and in favor of Trout with respect to the § 1983 claims asserted against him in his official capacity and the § 1983 claims asserted against him based upon alleged violations of Washington's rights guaranteed by the First, Fifth, and Fourteenth Amendments. Washington's timely objections to the R&R are now before this court.

As set forth in this opinion, Washington's objections are overruled and the R&R will be adopted in part and rejected in part. The partial motion for judgment on the pleadings will be: (1) granted to the extent some claims are dismissed with prejudice and some claims are dismissed without prejudice; and (2) denied with respect to the Fourteenth Amendment claim based upon violations of the Eighth Amendment because it is subsumed into the Eighth Amendment claim.

## II.    Procedural History

On April 9, 2021, the named defendants filed a motion for judgment on the pleadings with respect to all claims except for Washington's claim based upon violations of the Eighth Amendment (excessive force) asserted against Trout and a brief in support of the motion. (ECF Nos. 36, 37.) On July 13, 2021, Washington filed a response in opposition to the motion. (ECF No. 60.) The motion for judgment on the pleadings was referred to the magistrate judge.

On December 13, 2021, the magistrate judge filed a R&R in which she recommended the court: (1) grant the partial motion for judgment on the pleadings; (2) enter judgment on all claims against Crum, Lackey, and Bazus because no claims remain against them if the court grants the partial motion for judgment on the pleadings; and (3) enter judgment in favor of Trout on the claims asserted against him in his official capacity and the § 1983 claims asserted against him in

his individual capacity based upon the violations of Washington's rights guaranteed by the First, Fifth, and Fourteenth Amendments. The magistrate judge explained that the parties had 14 days to file written objections to the R&R.

On January 24, 2022, Washington filed objections to the R&R. (ECF No. 69.) On February 23, 2022, the named defendants filed a response in opposition to the objections. (ECF No. 71.) On February 25, 2022, Washington filed a supplement to his objections. (ECF No. 72.) Washington's objections to the R&R are now ripe for disposition by the court.

### III.   Allegations in the Pleadings

#### A.   Complaint—Washington's Factual Allegations

Washington alleges that at all time relevant to the complaint: Washington was a prisoner at SCI Greene; Crum was a captain at SCI Greene; Trout was a lieutenant at SCI Greene; Lackey was a unit manager at SCI Greene; Bazus was a major at SCI Greene; and the "CERT Team John Does 1 to 12" were correctional officials on the "security CERT team" at SCI Greene. (ECF No. 23 at 7.)

On January 11, 2019, an event occurred after which Washington was led from "group" to GB10 cell. (ECF No. 23 at 2.) While inside the GB10 cell, Washington "took the wicket hostage to get revenge for the wrong…that got group [cancelled]…." (Id.) Washington threw feces to hit his target. (Id.)

Trout and "CERT" arrived at Washington's GB10 cell and escorted him to the "strip cage." (Id. at 2.) Washington was stripped of his clothes and escorted back to the "GB unit." (Id.) Washington was shoved "roughly" as "CERT" tightened his handcuffs and Trout ordered CERT to place Washington in the "Accountability GB 2 cell." (Id.) While Washington was being "roughed up by CERT[,]" he jumped into the air, kicked off the wall, and glided "smoothly to

3

the shield-man[,]" at which point he was tackled by a second official. (Id.) Washington, the "shield-man[,]" and the second official fell to the ground. (Id.)  One of the "officials" pulled Washington's dreadlock out of his head and tried to "[choke] him out." (Id. at 3.) Another "official" put Washington's legs in an "X" and pushed his weight down. (Id.)

While Washington was handcuffed and shackled, "CERT" brutally beat him. (Id.) Washington was placed in a restraint chair "really tight[,]" and pushed to the "strip cage room" where he sat for hours. (Id.) Washington heard Trout tell a "CERT' member who was tackled "by his own" to "stay on the ground[.]"  (Id. at 3.) The "CERT" member was placed on a stretcher and pretended to be injured. (Id.)

After a "CERT" member removed a top restraint from Washington, his head was pulled roughly in between his legs, his handcuffs were tightened, and he was "roughly pushed to…[his] feet with the leg restraints to the chair." (Id.) According to Washington, "CERT' did not know how to use the restraints. (Id.) Washington was placed down onto a sheet, and "CERT" pushed his head to the ground as "hard as CERT could[,]" while another "CERT" officer placed his knee on Washington's shoulder and poked him roughly with a taser. (Id.)

A "CERT" official used a "sharp object like a knife" to cut off Washington's clothes and "intentionally cut…[Washington] numerous times on…[his] legs, arms, and back." (Id.) A nurse took pictures of the cut, which was "very deep" and bleeding. (Id.) Washington was placed in "GB 2…Accountability cell with no bed[,] toilet[,] [or] water" from January 11, 2019, to January 15, 2019. (Id. at 3.) According to Washington, the "Prison Officials/CERT Team…did not try as hard as they should have…to prevent or stop the assault." (Id. at 4.)

Washington submitted two grievances at SCI Greene. (ECF No. 23 at 4.) Washington did not receive responses to those grievances. (Id.)

In this case, Washington refers to the alleged facts described above and asserts claims arising under § 1983 based upon violations of his rights guaranteed by the First Amendment (access to the courts), Fifth Amendment (due process), Eighth Amendment (excessive force), and Fourteenth Amendment (due process). (ECF No. 23 at 1-2.)

Washington requests, among other things in his complaint, relief from all defendants in their official and personal capacities, including $1,000,000.00 against each defendant in compensatory damages, $1,000,000.00 against each defendant in punitive damages, a declaration that the acts complained of violated Washington's rights, an injunction ordering the defendants to "stop[,]" and attorneys' fees. (ECF No. 23 at 6.)

### B.  Answer—The Named Defendants' Factual Allegations

On January 11, 2019, Washington was involved in an incident on "GB Housing Unit." (ECF No. 35 ¶ 5-2.) Trout and "CERT" went to "GB10" and escorted Washington to the "strip cage." (Id. ¶¶ 5-4, 5-5.) Washington attempted to break free from the control of the corrections officer and initiated physical contact with the corrections staff.  (Id. ¶ 5-9.)

According to defendants, "any force used against…[Washington] on January 11, 2019, was reasonably necessary to meet the force presented by…[Washington]." (ECF No. 35 ¶¶ 14-20.)

At all times relevant to the allegations in the complaint: Washington was a prisoner at SCI Greene; Crum was a captain at SCI Greene; Trout was a lieutenant at SCI Greene; Lackey was a unit manager at SCI Greene; and Bazus was a major at SCI Greene. (ECF No. 35 ¶¶ 38-42.)

The named defendants assert 13 affirmative defenses. (Id. at 8-10.)

### IV.    Standard of Review

5

### A.  R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this court must make a *de novo* determination of those portions of the R&R to which objections were made.  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The court may also recommit the matter to the magistrate judge with instructions.

### B.  Motion for Judgment on the Pleadings, Rule 12(c)

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A party may use a motion for judgment on the pleadings under Rule 12(c) "as a vehicle for raising several of the defenses enumerated in Rule 12(b) after the close of the pleadings[,]" e.g., lack of subject-matter jurisdiction (Rule 12(b)(1)) and failure to state a claim upon which relief can be granted (Rule 12(b)(6)). 5C CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004); Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). When the defendant raises a Rule 12(b) defense in a Rule 12(c) motion for judgment on the pleadings, the court applies the same standards for deciding motions to dismiss under Rule 12(b). Turbe, 938 F.2d at 428.

One treatise has explained:

> As has been indicated by a considerable number of federal courts, a sampling of which are cited in the note below as illustrative, if any of these procedural defects are asserted upon a Rule 12(c) motion, presumably the district court will apply the same standards for granting the appropriate relief or denying the motion as it would have employed had the motion been brought prior to the defendant's answer under Rules 12(b)(1), (6), or (7) or under Rule 12(f).…The mere fact that these procedural defects are raised in the guise of a Rule 12(c) motion should not affect the manner by which the court determines what essentially are Rule 12(b) matters. In this context, Rule 12(c) is merely serving as an auxiliary device that enables a party to assert certain procedural defenses after the close of the pleadings. For example, if a party raises an issue as to the court's

6

subject matter jurisdiction on a motion for a judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1).

5C CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004) (footnote omitted).

### 1. Standards applicable to Rule 12(c) motion when a "12(b)(6) defense" is not raised

When a Rule 12(c) motion is not used to raise Rule 12(b) defenses, judgment on the pleadings under Rule 12(c) is not appropriate "'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 193 (3d Cir. 1999) (quoting Kruzits v. Okuma Machine Tool, Inc., 40 F.3d 52, 54 (3d Cir. 1994)). Motions under Rule 12(c), that are not used to raise certain 12(b) defenses, require a determination on the merits of the case and "should be granted only where it is clear that the merits of the controversy can be fairly and fully decided in such a summary manner." In re Dreyfus Mut. Funds Fee Litig., 428 F. Supp. 2d 357, 358 (W.D. Pa. 2006).

### 2. Standards applicable to a Rule 12(c) motion when a Rule 12(b)(1) defense (lack of subject-matter jurisdiction) is raised

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), a court must dismiss a matter if it lacks subject-matter jurisdiction over the complaint. Challenges to subject-matter jurisdiction under Rule 12(b)(1) may be facial or factual in form. Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000); Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). A facial challenge attacks the complaint on its face and requires the court to consider only the complaint's allegations and to do so in the light most favorable to the plaintiff. Mortensen, 549 F.2d at 891. A factual challenge contests the existence of subject-matter jurisdiction, apart from any pleadings. Id. In reviewing a factual challenge, the court "is free to

7

weigh the evidence and satisfy itself as to the existence of its power to hear the case," even

where disputed material facts exist. Id. In a factual challenge, the plaintiff has the burden of

persuasion to show that jurisdiction exists. Id.; Gould, 220 F.3d at 178.

### 3. Standards applicable to a Rule 12(c) motion when a Rule 12(b)(6) defense (failure to state a claim) is raised

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In

deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to

prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all

well-pled factual allegations in the complaint and views them in a light most favorable to the

plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a

complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss,

a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do."

Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to

raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is

plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at

556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

Id. (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

The Court of Appeals for the Third Circuit has instructed that "a court reviewing the sufficiency of a complaint must take three steps." Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016). The court of appeals explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."(citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Id. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief. Connelly, 809 F.3d at 789; Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017).

Courts in resolving a motion to dismiss may consider facts that are subject to judicial notice.[2] Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct.

---

[2]     Federal Rule of Evidence 201, in pertinent part, provides:

> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
> > **(1)** is generally known within the trial court's territorial jurisdiction; or
> >
> > **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

FED. R. EVID. 201(b).

9

2499, 168 L.Ed.2d 179 (2007) (noting the court may consider "matters of which a court may take judicial notice" in resolving a Rule 12(b)(6) motion to dismiss) (quoted by <u>Feingold v. Graff</u>, 516 F. App'x 223, 225 (3d Cir.2013)).

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). This rule has been interpreted by courts to mean that "prejudice to the non-moving party is the touchstone for the denial of an amendment[.]" <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993). In the absence of prejudice of the nonmoving party, denial of an amendment "must be based on bad faith, or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." <u>Id.</u> Allowing a party to amend is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000). "In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." <u>Id.</u> at 115 (internal quotations and citations omitted).

### C.  Pro Se Litigant

In cases involving pro se litigants, the court must liberally construe submissions. <u>Hodson v. Alpine Manor, Inc.</u>, 512 F.Supp.2d 373, 384 (W.D. Pa. 2007) (citing <u>Haines v. Kerner</u>, 404 U.S. 519 (1972)). Submissions are read to "raise the strongest arguments suggested therein." <u>Id.</u> (citing <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir.1994)). Yet, "a forgiving interpretation does not render immune from dismissal or summary judgment claims that lack procedural or factual viability." <u>Id.</u>

## V.   Discussion

## A.  The magistrate judge's conclusions and Washington's objections.

The magistrate judge's recommendation that the court should grant the partial motion for

judgment on the pleadings is based upon the following seven conclusions:

(1) Washington cannot recover monetary damages against the named defendants
in their official capacities because that kind of recovery is barred by the
Eleventh Amendment to the United States Constitution (ECF No. 66 at 4);

(2) Washington is not entitled to prospective injunctive relief from the named
defendants who are employed at SCI Greene because Washington is no longer
incarcerated at that facility (id. at 6-7);

(3) Washington is not entitled to declaratory relief because declaratory relief is
not warranted when a plaintiff seeks only a declaration that one party is liable
to another (id. at 7-8);

(4) Washington is not entitled to § 1983 relief based on a violation of his First
Amendment right of access to the courts because his allegations about the
failure to file responses to his grievances are not sufficient to show plausibly
that any act of the named defendants prohibited him from pursing a legal
claim and that he suffered an actual injury (Id. at 9);

(5) Washington is not entitled to § 1983 relief from the named defendants based
upon violation of his rights guaranteed under the Fifth Amendment because
the named defendants are state—not federal—actors (id. at 10-11);

(6) Washington is not entitled to § 1983 relief based upon violations of his rights
guaranteed by the Fourteenth Amendment under the explicit textural source
rule because his requests for relief under the Fourteenth Amendment are
addressed by his § 1983 claims for relief based upon violations of his rights
under the First and Eighth Amendments; and

(7) Judgment should be entered against Crum, Lackey, and Bazus because
Washington failed to set forth factual allegations sufficient to show their
personal involvement in the wrongs claimed by Washington.

Washington asserts objections to or arguments about conclusions, 1, 2, 4, 6, and

7. The court will conduct a *de novo* review of those portions of the R&R to which

objections were made.

11

**B.  Washington's request for monetary damages from the named defendants in their official capacities and for prospective injunctive relief**

The named defendants in the motion for judgment on the pleadings argue that—based upon the face of the pleadings—they are entitled to judgment as a matter of law with respect to the § 1983 claims asserted against them in their *official* capacities because they are state officials immune from suit pursuant to the Eleventh Amendment to the United States Constitution. In other words, they assert a *facial challenge* to this court's subject-matter jurisdiction. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996) (explaining that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction").

**1.  Monetary relief**

The magistrate judge agreed with the named defendants and recommended that judgment be entered in their favor with respect to all claims asserted under § 1983 against them in their *official* capacities in which Washington seeks monetary damages because "lawsuits seeking retrospective relief by private persons against a state, state officials, and state entities are generally barred by the Eleventh Amendment." (ECF No. 66 at 4 (citing Regents of the Univ. of Cal.v. Doe, 519 U.S. 425, 429 (1997).)  Washington in his supplement argues that the named defendants are not entitled to *qualified* immunity because they did not act in good faith. (ECF No. 72 at 2.) Contrary to Washington's arguments, the magistrate judge's recommendation in this respect was not based upon the doctrine of *qualified* immunity, which "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818

12

(1982)). The magistrate judge's recommendations implicate sovereign immunity under the Eleventh Amendment.

The Eleventh Amendment bars suits against a state in federal court. U.S. CONST. AMEND. XI. "Suits against state officials in their official capacity…should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991). In other words, claims for monetary damages against state officials sued in their official capacities are barred by the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). As explained above, "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction" Blanciak, 77 F.3d at 694. Eleventh Amendment immunity is not premised upon a showing of good faith. See Camden Cty. Recovery Coal. v. Camden City Bd. of Educ. For Pub. Sch. Sys., 262 F. Supp. 2d 446, 448 (D.N.J. 2003) (discussing the burden of proving that the Eleventh Amendment immunity applies).

Washington did not otherwise challenge the magistrate judge's recommendation that his § 1983 claims for monetary damages asserted against the named defendants in their official capacities are barred by the Eleventh Amendment. The court, therefore, overrules Washington's objections based upon the doctrine of qualified immunity. The court adopts the R&R with respect to the magistrate judge's recommendation that Washington is not entitled to monetary damages from the named defendants in their official capacities.

## 2. Prospective injunctive relief

Washington in the complaint seeks prospective injunctive relief from the named defendants in their official capacities, i.e., an order that the defendants "stop" the conduct

13

complained of in the complaint. (ECF No. 23 at 6.) The magistrate judge concluded that—

although injunctive relief is an exception[3] to a state official's Eleventh-Amendment immunity—

Washington's requests for prospective injunctive relief are moot because he is no longer

incarcerated at SCI Greene.[4] (ECF No. 66 at 6-7 (citing Sutton v. Rasheed, 323 F.3d 236, 248

(3d Cir. 2003).)

     In his objections to the R&R, Washington argues that his request for injunctive relief is

not moot because "Defendant Wetzel…has a position of state-wide authority in the [Department

of Corrections,]" and, therefore, Washington is not outside Wetzel's control. (ECF No. 69 at 9.)

Washington in this case, however, did not sue a defendant named "Wetzel." (ECF No. 23.)

Washington's arguments about his entitlement to injunctive relief from Wetzel are, therefore, not

relevant or a basis upon which this court will reject the R&R with respect to this issue. Having

received no other objection from Washington with respect to this issue, the court will adopt the

---

[3]    As the magistrate judge explained, state-actor defendants may be sued in their official capacities for injunctive relief. (ECF No. 66 at 6.) One court has explained:

> "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " Will, 491 U.S. at 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)). Therefore, the Eleventh Amendment does not bar official-capacity actions seeking to enjoin future conduct. Pennhurst State Sch., 465 U.S. at 102-03.

Guilday v. Crisis Ctr. at Crozer-Chester Med. Ctr., No. CV 21-2010, 2022 WL 507484, at *3 (E.D. Pa. Feb. 17, 2022).

[4]    Neither Washington nor the named defendants allege in the pleadings that Washington is currently incarcerated at SCI Rockview. The court, however, takes judicial notice of the Pennsylvania Department of Corrections Inmate Locator tool available at http://inmatelocator.cor.pa.gov/#/, which provides that Washington is presently incarcerated at SCI Rockview. Washington's filings with this court indicate that as of at least October 8, 2020, he was incarcerated at SCI Rockview. United States v. Wright, 787 F. App'x 69, 71 n.2 (3d Cir. 2019) (per curiam) (citing United States v. Lucas, 841 F.3d 796, 802 (9th Cir. 2016)); United States v. Sears, Crim. A. Nos. 12-200, 12-308, 2016 WL 3268857, at *10 n.5 (W.D. Pa. June 15, 2016).

14

R&R with respect to the magistrate judge's conclusion that Washington is not entitled to prospective injunctive relief from the named defendants because he is no longer incarcerated at SCI Greene where they are employed.

### 3. Relief available

#### a. Monetary damages

Based upon the allegations in the complaint that the named defendants are correctional officers employed by the Commonwealth of Pennsylvania, Washington *as a matter of law* cannot seek monetary damages from them in their official capacities. This court lacks subject-matter jurisdiction over the claims for monetary damages because the named defendants in their official capacities are immune from suit under the Eleventh Amendment. On that basis, the magistrate judge recommended that *judgment* be entered in favor of the named defendants with respect to the § 1983 claims asserted against them in their official capacities. Judgment or dismissal of those claims with prejudice, however, is not appropriate. One district court has explained:

> A "District Court's dismissal for lack of subject matter jurisdiction [is] by definition without prejudice." New Jersey Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n. 8 (3d Cir.2011) (citing Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir.1999) (recognizing that "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.' ")).

Polanco v. Omnicell, Inc., 988 F. Supp. 2d 451, 463 (D.N.J. 2013).

Pursuant to the Eleventh Amendment, this court is without subject-matter jurisdiction over the § 1983 claims for money damages asserted against the named defendants in their official capacities. Those claims will, therefore, be dismissed without prejudice for their refiling, if applicable law permits,  in a court of competent jurisdiction. The partial motion for judgment

on the pleadings—to the extent it asserts the defense of lack of subject-matter jurisdiction in accordance with Rule 12(b)(1)—will be granted on that basis.

### b. Prospective relief

Washington's request for injunctive relief is moot because he is no longer incarcerated at SCI Greene, and granting leave to amend the complaint would be futile.[5] Mootness under these circumstances is a basis to grant a dismissal with prejudice, <u>Townsend v. Holt</u>, No. 3:13-CV-758, 2013 WL 4459023, at *4, n.8 (M.D. Pa. Aug. 16, 2013), which constitutes a judgment on the merits, <u>Bank Leumi USA v. Kloss</u>, 331 F. Supp. 3d 404, 410 (D.N.J. 2018). The judgment granted here, however, is not a *final* judgment that is immediately appealable to the Third Circuit Court of Appeals, pursuant to Federal Rule of Civil Procedure 54(b), because this action presents more than one claim for relief and involves multiple parties. 5C CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1372 (3d ed. 2004) ("[I]f the court grants a partial judgment on the pleadings or a judgment on the pleadings only with respect to the claims of some (but not all) of the parties, Rule 54(b) applies, preventing immediate appellate review unless the court certifies that there is no just reason for delay.") (collecting decisions)).

### C. Washington's § 1983 claim based on a violation of his First Amendment right of access to the courts

---

[5]     The magistrate judge also explained that Washington is not entitled to the declaratory relief that he seeks, i.e.,  a declaration that the defendants' actions were unlawful, because "declaratory judgment is unavailable 'solely to adjudicate past conduct' or 'to proclaim that one party is liable to another.'" (ECF No. 62 (quoting <u>Corliss v. O'Brien</u>, 200 F. App'x 80, 84 (3d Cir. 2006).) Washington did not object to that conclusion. This court must, therefore, "'only satisfy itself that there is no clear error on the face of the record in order to accept the…[R&R].'" <u>Ortiz v. Smith</u>, No. CV 20-649, 2021 WL 75804, at *1 (E.D. Pa. Jan. 8, 2021) (quoting FED. R. CIV. P. 72, 1983 advisory committee notes). The court cannot discern any clear error on the face of the R&R with respect to the conclusion that Washington is not entitled to declaratory relief. The court adopts the R&R with respect to this issue.

16

"Title 42 U.S.C. § 1983 is not a source of substantive rights but a vehicle for vindicating rights conferred by the U.S. Constitution or by federal statute." DiBella v. Beachwood, 407 F.3d 599, 601 (3d Cir. 2005). "To make a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right." See Groman v. Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983. This remedial statute does not create substantive rights. Maher v. Gagne, 448 U.S. 122, 129 n.11 (1980). "A plaintiff cannot prevail in an action brought under § 1983 without establishing an underlying violation of a federal constitutional or statutory right." Ickes v. Borough of Bedford, 807 F.Supp.2d 306, 315 (W.D. Pa. 2011).

Under the First Amendment, which is extended to the states via the Fourteenth Amendment, National Association for Advancement of Colored People v. Button, 371 U.S. 415, 452 (1963), prisoners have a right of access to the courts, Lewis v. Casey, 518 U.S. 343 (1996). The Supreme Court set forth specific criteria that a court must consider when determining whether a plaintiff has alleged a viable claim of denial of the right to access to the courts. Christopher v. Harbury, 536 U.S. 403 (2002). A party must identify all the following in the complaint: (1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense, but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415; Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). A plaintiff must state in the complaint the underlying claim with the requirements of Federal Rule

of Civil Procedure 8 to the same degree as if the underlying claim was being independently pursued. Christopher, 536 U.S. at 417. The factual allegations in the complaint must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the " 'arguable' nature of the underlying claim is more than hope." Id. at 416.

"Retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution ..." White v. Napoleon, 897 F.2d 103, 111–12 (3d Cir.1990). To establish a §1983 retaliation claim, a plaintiff bears the burden of satisfying three elements. A plaintiff must demonstrate that: (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Washington in the complaint alleges that he submitted two grievances at SCI Greene, but did not receive a response to either grievance. (ECF No. 23 at 4.) He alleges that his § 1983 claim for violations of his rights guaranteed by the First Amendment is based upon "access to the courts" because the "defendants" refused to answer his grievances. (Id. at 1.)

The magistrate judge recommended that the court grant the named defendants' partial motion for judgment on the pleadings with respect to Washington's § 1983 claim based upon violation of his right of access to the courts guaranteed by the First Amendment because a prison's failure to respond to a grievance does not violate a prisoner's constitutional right. (ECF No. 66 at 8-9.) The magistrate judge explained that—at best—a prison's failure to respond to a prisoner's grievance "would simply allow the prisoner to overcome an affirmative defense of

non-exhaustion." (Id.) The magistrate judge noted that a prisoner does not have a constitutional

right to a grievance response. One court has explained:

> Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F.Supp.2d 751, 761(E.D.Pa.2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, 138 Fed.Appx. 414, 415 (3d Cir.2005)(not precedential) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991)). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F.Supp. 410, 418–419 (D.Del.), aff'd 74 F.3d 1226 (3d Cir.1995). Moreover, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, 1999 WL 305240, at *2, (E.D.Pa. May 12, 1999) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994)). Therefore, " '[i]f the state elects to provide a grievance mechanism, violations of its procedures do not...give rise to a 1983 claim.' " Hoover, 886 F.Supp. at 418–19 (quoting Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo.1986)).

Dickens v. Taylor, 464 F. Supp. 2d 341, 352–53 (D. Del. 2006).

Washington in his objections to the R&R with respect to his "First Amendment

Retaliation Claims" states that "defendants" retaliated against him by "confiscating and

destroying…[his] legal documents and mail in an effort to obstruct…[his] due process rights."

(ECF No. 69 at 7.) Washington did not include those retaliation allegations in his complaint, and,

therefore, the court cannot consider them to resolve the partial motion for judgment on the

pleadings in which the named defendants assert the Rule 12(b)(6) defense of failure to state a

claim. A motion for judgment on the pleadings, including a motion for judgment on the

pleadings in which the defendant asserts a Rule 12(b)(6) defense, must be decided on the face of

the pleadings, Sungard Recovery Servs. L.P. v. Unisource Worldwide, Inc., No. CIV.A. 02-CV-

3845, 2002 WL 32107941, at *2 (E.D. Pa. Oct. 30, 2002) (recognizing a motion for judgment on

the pleadings must be decided "on the face of the pleadings alone"), and "[a]rguments not

presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived[,]" In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3, 971 F.3d 433, 444 (3d Cir. 2020). Under those circumstances, the court cannot consider the factual allegations to determine whether to adopt or reject the R&R with respect to this issue.[6]

Based upon the foregoing, the court adopts the recommendation of the magistrate judge that the motion for judgment on the pleadings should be granted in favor of the named defendants with respect to Washington's § 1983 claim for violation of his First Amendment right to access the courts based upon the named defendants' failure to respond to his grievances. Under § 1983, Washington cannot recover from the named defendants for failing to respond to his grievances, and, therefore, the dismissal of this claim will be with prejudice. The court notes that a dismissal with prejudice for failure to state a claim constitutes a judgment on the merits. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 398, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'") (quoting Angel v. Bullington, 330 U.S. 183, 190 (1947)). The judgment granted here, however, is not a *final* judgment that is immediately appealable to the Third Circuit Court of Appeals,

---

[6]     The court's ruling does not preclude Washington from filing a motion for leave to amend the complaint to set forth a different § 1983 claim based upon violations of his First Amendment rights. The court will dismiss *with prejudice* the § 1983 claim raised by Washington based upon the alleged violations of his First Amendment rights only with respect to the named defendants failing to respond to his grievances. Washington in his objections alleges that prison officials—in violation of his First Amendment rights—retaliated against him "by confiscating and destroying…[his] legal documents and mail in an effort to obstruct…[his] due process rights[.]" Those allegations may be relevant to a § 1983 First Amendment retaliation claim. The court notes, however, that those allegations *alone* do not set forth a plausible claim for First Amendment retaliation. Washington does not identify *when* the named defendant allegedly destroyed his legal materials, and, therefore, this court cannot discern whether any protected activity, e.g., the filing of the two grievances, was a substantial or motivating factor in the named defendant's decision to take adverse action. Horn, 241 F.3d at 333.

pursuant to Federal Rule of Civil Procedure 54(b). Based upon the foregoing, the partial motion

for judgment on the pleadings will be granted in part to the extent the § 1983 claims asserted

against the named defendants in their official capacities are dismissed *with prejudice* from this

case.

### D.  Washington's § 1983 claim based upon alleged violations of his rights guaranteed by the Fourteenth Amendment

In the complaint, Washington attempts to describe the contours of the Fourteenth

Amendment, but does not explain how the named defendants violated his rights guaranteed by

the Fourteenth Amendment; rather, Washington alleges that the named defendants violated his

constitutional rights when they used excessive force against him and violated his right of access

to the courts because the prison did not respond to his grievances. (ECF No. 23 at 2-3.)

The Fourteenth Amendment provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. AMEND. XIV § 1. One court has explained:

> Due process protections extend to both substantive and procedural violations of the Fourteenth Amendment. See Planned Parenthood of S.E. Pa. v. Casey, 505 U.S. 833, 846–87, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) ("[I]t is settled that the due process clause of the Fourteenth Amendment applies to matters of substantive law as well as to matters of procedure." (citation and internal quotation marks omitted)). "[T]he substantive component of the Clause ... protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.' " Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (quoting Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Whereas the procedural component "provide[s] a guarantee of fair procedure in connection with any deprivation of life, liberty, or property by a State." Id.

21

Saucon Valley Manor, Inc. v. Miller, 392 F. Supp. 3d 554, 569 (E.D. Pa. 2019). Based upon the allegations in the complaint, it appears that Washington is alleging that the named defendants violated his substantive due process rights by: (1) using excessive force against him; or (2) failing to respond to his grievances.

The protections afforded by the Eighth Amendment against federal governmental interference are applied against the states through the substantive component of the Fourteenth Amendment due process clause. Estelle v. Gamble, 429 U.S. 97, 101–02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)); Sistrunk v. Lyons, 646 F.2d 64, 66–67 (3d Cir.1981)). The standards under the Eighth Amendment and the standards under the Fourteenth Amendment are fundamentally identical. Furman v. Georgia, 408 U.S. 238, 422 n. 4 (1972) (Blackmun, J., dissenting) ("the tests for applying these two provisions are fundamentally identical."). As explained by one court:

> [T]he Supreme Court has held that the prohibition against cruel and unusual punishment is "incorporated" into the Fourteenth Amendment's proscription of state deprivations of liberty without due process of law. Although the analytical basis for the "incorporation doctrine" has not been precisely articulated, the result which it establishes in this case is clear: freedom from cruel and unusual punishment is one aspect of the "liberty" recognized by the Due Process Clause, and this freedom is entitled to an identical degree of substantive protection from state infringement as that which applies to federal infringements under the Eighth Amendment.

United States ex rel. Hoss v. Cuyler, 452 F.Supp. 256, 281 (E.D. Pa.1978). The Supreme Court, however, has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these

claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

Here, the magistrate judge recommended that—to the extent the § 1983 claim based upon violations of Washington's rights guaranteed under the Fourteenth Amendment is based upon the use of excessive force against him—judgment on the pleadings be granted with respect to that claim pursuant to the "explicit source rule" because the Eighth Amendment expressly prohibits the use of excessive force in these circumstances.  (ECF No. 66 at 11-12.) The magistrate judge recommended that—to the extent the § 1983 claim based upon violations of Washington's rights guaranteed under the Fourteenth Amendment is based upon the named defendants' failure to respond to his grievances—judgment on the pleadings should be granted with respect to that claim because as discussed above, a defendant does not have a constitutional right to a prison grievance response. Washington in his objections quotes portions of the Fourteenth Amendment and cites to decisions about the Fourteenth Amendment, but does not assert a specific objection to the recommendations of the magistrate judge.

The court rejects the R&R to the extent the magistrate judge concluded that judgment should be entered in favor of the named defendants pursuant to the explicit source rule with respect to Washington's § 1983 claim based upon violations of his Fourteenth Amendment's rights to be free from cruel and unusual punishment or excessive force. Washington's claim in this regard is best stated as: "a § 1983 claim based upon violations of the Eighth Amendment standards barring cruel and unusual punishment as incorporated against the states via the Fourteenth Amendment's substantive due process provision," or more simply, "a claim that his Fourteenth Amendment substantive due process right to be free of cruel and unusual punishment has been violated." Under those circumstances, dismissal with prejudice of the claim is not

23

warranted, and the partial motion for judgment on the pleadings on that claim will be denied on that basis. There, however, will not be two claims based upon the same alleged Eighth Amendment violations, and the court will recognize that to the extent the separately plead Fourteenth Amendment claim is based upon the same violations of the Eighth Amendment, it is subsumed into the Eighth Amendment claim.

To the extent Washington's § 1983 claim for violations of his rights guaranteed under the Fourteenth Amendment is based upon the named defendants' failure to respond to his grievances, that claim is the same as the claim asserted under the First Amendment. Indeed, this claim is subsumed into the First Amendment § 1983 claim for the same reasons the Fourteenth Amendment § 1983 claim for use of excessive force was subsumed into the Eight Amendment § 1983 claim. Because the First Amendment § 1983 claim based upon the failure to respond to grievances was dismissed with prejudice, this Fourteenth Amendment § 1983 claim must be dismissed with prejudice. As discussed previously, a prisoner does not have a constitutional right to a response to his grievance, and, therefore, Washington cannot recover under § 1983 on that basis. Dickens, 464 F. Supp. 2d at 352–53. To the extent the dismissal with prejudice constitutes a judgment on the merits of that claim, the judgment is not final or appealable pursuant to Rule 54(b) for the reasons set forth above.

**E.  Washington's § 1983 claims against Crum, Lackey, and Bazus based upon their supervisory authority.**

The only factual allegations in the complaint about Crum, Lackey, and Bazus are allegations that relate to their positions at SCI Greene; Crum is a captain, Lackey is a unit manager, and Bazus is a major. (ECF No. 23 at 7.)  The magistrate judge recommended that based upon those scant allegations, the partial motion for judgment on the pleadings should be granted

24

and judgment entered in favor of Crum, Lackey, and Bazus because Washington did not set forth factual allegations sufficient to plausibly show they committed any wrongs against Washington. (ECF No. 66 at 12-15.)

It is well established that civil rights claims cannot be premised on the theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. Rizzo v. Goode, 423 U.S. 362, 371–72 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir.1976). Liability cannot be based solely on a defendant's supervisory capacity. The plaintiff must allege that the official had knowledge of or acquiesced in any purported acts of constitutional mistreatment. Rode, 845 F.2d at 1207.

Washington in his objections does not argue that the magistrate judge's conclusion that he did not set forth factual allegations sufficient to establish supervisory liability against Crum, Lackey, and Bazus was erroneous; indeed, it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendants were prison supervisors when the incidents set forth in the complaint occurred. Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir.1997).

Washington in his objections attempts to set forth *additional* factual allegations[7] to support his claims against Crum, Lackey, and Bazus. This court, however, cannot consider those

---

[7]     Washington in his objections sets forth the following additional factual allegations about Crum, Lackey, and Bazus:

additional factual allegations to determine whether to reject or adopt the R&R because they were

not included in the complaint that was presented to the magistrate judge. As discussed above, a

motion for judgment on the pleadings must decided on the face of the pleadings, <u>Sungard</u>

<u>Recovery</u>, 2002 WL 32107941, at *2, and  "[a]rguments not presented to a magistrate judge and

raised for the first time in objections to the magistrate's recommendations are deemed waived."

<u>In re Nat'l Collegiate Student Loan Trusts</u>, 971 F.3d at 444. Based upon the foregoing, this court

cannot consider the additional factual allegations set forth in Washington's objections to

determine whether to adopt or reject the R&R.

The entry of *judgment* in favor of Crum, Lackey, and Bazus with respect to the

supervisory claims, however, is not warranted. The named defendants in their brief in support of

the partial motion for judgment on the pleadings argue that Washington did not sufficiently state

a claim for relief against the named defendants. In other words, they are using the Rule 12(c)

---

- Crum, Lackey, and Bazus acknowledged that Trout was not supposed to handle "smi/id" mental health patients with serious mental illness;

- Crum, Lackey, and Trout watched the January 11, 2019 incident, in which Trout allegedly used excessive force against Washington;

- Washington tried to report grievances about past instances to guards;

- prison official continue to cut Washington in front Crum, Lackey, and Bazus;

- the nurse said that Washington required medical attention for the cut in front of Crum, Lackey, and Bazus, but he was not provided medical attention;

- Crum, Lackey, and Bazus directed or watched the "CERT" use excessive force against Washington; and

- Washington's medical records were fabricated to cover up the alleged deliberate indifference of Crum, Lackey, and Bazus.

(ECF No. 69.)

motion for judgment on the pleadings to assert the Rule 12(b)(6) defense of failure to state an adequate claim for relief. Under those circumstances, the court applies the Rule 12(b)(6) standard to determine whether Washington set forth factual allegations sufficient to show plausibly that he is entitled to relief. Relief under Rule 12(b)(6) is limited to dismissal of an inadequately plead claim, unless amendment would be futile. Shane, 213 F.3d at 115.

The court agrees with the magistrate judge and the named defendants that Washington did not set forth factual allegations sufficient to plausibly state § 1983 supervisory claims against Crum, Lackey, or Bazus. The court cannot discern a basis upon which to conclude that an amendment to the complaint with respect to these supervisory claims would be futile. Those claims (reviewed under the Rule 12(b)(6) standard), therefore, will be dismissed *without prejudice*. In other words, the court cannot conclude *as a matter of law* that there are no set of facts upon which Washington may be entitled to relief. Washington may file a motion for leave to file an amended complaint to set forth factual allegations sufficient to state plausible § 1983 supervisory claims against Crum, Lackey, or Bazus subject to the rulings set forth in this opinion.

The court will adopt the R&R with respect to the magistrate judge's recommendation that Washington did not set forth factual allegations to plausibly show he is entitled to relief from Crum, Lackey, or Bazus. The court rejects the R&R to the extent the magistrate judge recommended that *judgment* be entered in favor of Washington with respect to his § 1983 supervisory claims for relief. The partial motion for judgment on the pleadings will be granted to the extent the § 1983 supervisory claims against Crum, Lackey, and Bazus will be dismissed without prejudice.

27

**F.  Washington's § 1983 claim for relief from the named defendants based upon violation of his rights guaranteed under the Fifth Amendment**

Washington did not assert an objection to the magistrate judge's recommendation that judgment be entered against him with respect to his § 1983 claim for relief from the named defendants based upon violation of his rights guaranteed under the Fifth Amendment. This court must, therefore, "'only satisfy itself that there is no clear error on the face of the record in order to accept the…[R&R].'" Ortiz, 2021 WL 75804, at *1 (quoting FED. R. CIV. P. 72, 1983 advisory committee notes). The court cannot discern any clear error on the face of the R&R with respect to the conclusion that judgment should be entered in favor of the named defendants, who—based upon the allegations of the complaint—are state officials, because "'[t]he due process clause under the Fifth Amendment only protects against *federal* governmental action and does not limit the actions of *state officials*.'" (ECF No. 66 (quoting Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (emphasis added).) The court agrees with the magistrate judge that judgment should be entered against Washington with respect to this claim to the extent the claim will be dismissed with prejudice and a dismissal with prejudice constitutes a judgment on the merits. Federated Dep't Stores, 452 U.S. at 399 n.3. That judgment, however, is neither final nor appealable, under Rule 54(b). The R&R as supplemented by this opinion will be adopted and the partial motion for judgment on the pleadings will be granted with respect to this claim.

**V. Conclusion**

For all these reasons, Washington's objections will be overruled and the R&R will be adopted in part and rejected in part as set forth in this opinion. The partial motion for judgment on the pleadings will be denied with respect to Washington's § 1983 claim for violations of his Fourteenth Amendment rights based upon the same violations asserted in his Eighth Amendment

28

§ 1983 claim because that Fourteenth Amendment § 1983 claim is subsumed into the Eight

Amendment § 1983 claim. The partial motion for judgment on the pleadings will be granted in

other respects, subject to the limitations about the kind of relief that may be ordered, as follows:

- the § 1983 claims for monetary damages asserted against the named defendants in their official capacities will be dismissed without prejudice to the refiling, if applicable law permits, of those claims in a court of competent jurisdiction;

- the § 1983 claims for injunctive relief against the named defendants in their official capacities are moot and will be dismissed with prejudice;

- the § 1983 claims for violations of Washington's right of access to the courts under the First and Fourteenth Amendments based upon the named defendants' failure to respond to his grievances will be dismissed with prejudice;

- the supervisory claims asserted against Crum, Lackey, and Bazus, will be dismissed without prejudice; and

- any § 1983 claims asserted under the Fifth Amendment will be dismissed with prejudice.

The judgments based upon the dismissal with prejudice of claims are neither final nor

appealable.

An appropriate order will be entered.

BY THE COURT,

Dated: March 16, 2021

**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Judge

Cc:     Jerome Junior Washington
        HV-0282
        SCI Rockview
        1 Rockview Place
        Bellefonte, PA  16823
        Counsel of record
        (Via CM/ECF electronic mail)